# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION,

**MUD MAPLE TECHNOLOGIES, LLC,**

**Plaintiff,**

**v.** **Case No: 6:26-cv-1498-AGM-DCI**

**DHF TECHNOLOGY PTY LTD d/b/a RIG MATE and JAMES RAPLEY,**

**Defendant.**

______________________________________/

## ORDER

Mud Maple Technologies, LLC (Plaintiff) filed an Amended Complaint against DHF Technology PTY LTD d/b/a Rig Mate and James Rapley (collectively the Defendants) for false designation of origin, false description of fact, false marking, and unfair competition. Doc. 21. In partial response, [1] Defendants have filed four pleadings:

1. a September 8, 2026, "Answer to Counts IV and V, Only, of Amended Complaint [ECF No. 21] and Counterclaims" (Doc. 28, the First Answer);
2. an October 23, 2026, "Answer to Counts IV and V, Only, of Amended Complaint [ECF No. 21] and Amended Counterclaims" (Doc. 38, the Second Answer);
3. a November 10, 2026, "Answer to Counts IV and V, Only, of Amended Complaint [ECF No. 21] and Amended Counterclaims" (Doc. 42, the Third Answer); and
4. a November 12, 2026, "Answer to Counts IV and V, Only, of Amended Complaint [ECF No. 21] and Amended Counterclaims" (Doc. 43, the Fourth Answer) (collectively the Answers and Counterclaims).

[1] Defendants also filed an Amended Motion to Dismiss Counts I through III. Doc. 27.

None of those pleadings complied with the Court's Standing Order Requiring Disclosure of the Use of Artificial Intelligence. *See* Doc. 15 (the AI Standing Order).[2] Three of those pleadings (i.e. Docs. 38, 42, and 43) contain information that Defendants assert is confidential and was obtained in discovery pursuant to a confidentiality agreement and filed on the public docket in violation of that agreement. *See* Doc. 47 (the Motion to Strike). This Order addresses Defendants' violation of the AI Standing Order and addresses, in part, the Motion to Strike, as well as a related motion for an extension of time (Doc. 50, the Motion to Extend Time).

After Plaintiff filed the First Answer, Plaintiffs sought and received an extension of time to October 13, 2026, to respond to the counterclaim contained therein. Docs. 31, 32. Prior to that deadline expiring, the parties jointly sought a second extension of time to October 23, 2026, for Plaintiff to respond to the counterclaim contained within the First Answer. Docs. 35, 36. In that second motion for an extension of time, the parties described their conferral as follows:

> During those discussions, Defendants confirmed that they would amend their Counterclaims before Plaintiff's deadline to answer. On October 12, 2026, Defendants requested a modest extension through October 23, 2026 to file amended counterclaims – which Plaintiff does not oppose.

Doc. 35 at 2. Leave to amend the First Answer was not requested from the Court. *See id*. at 3.

On October 23, 2026, Defendants filed the Second Answer. Doc. 38. In footnote 1 of the Second Answer, Defendants assert that they filed the amended pleading "by stipulation." *Id.*; *see* Fed.R.Civ.P. 15(a)(2) ("In all other cases, a party may amend its pleading only with the opposing

---

[2] While the Third and Fourth Answers contains a "Certification of Compliance with Rule 11," that is not the correct certification for a filing made after the AI Standing Order has been entered in the case. The "Certification for Compliance with Rule 11 is to be used in those situations in which a document was filed prior to the entry of the AI Standing Order, such as when a case was transferred to a different presiding judge, who then entered the AI Standing Order. The correct certification for a filing is contained in Section VI of the AI Standing Order. *See* Doc. 15 at 4-5.

party's written consent or the court's leave. The court should freely give leave when justice so requires.").

On November 5, 2026, the Court entered an Order striking the Second Answer because it failed to comply with the AI Standing Order and the Standing Order Requiring Disclosure of Third-Party Litigation Funding. Doc. 39. The Court provided Defendants until November 10, 2026 to file a compliant pleading. *Id.* Although the Court struck the Second Answer, the Court did not direct deletion of the document, and it remains publicly available on the docket.

On November 10, 2026, Defendants filed the Third Answer. Doc. 42. On November 12, 2026, Defendants inexplicably filed the Fourth Answer. Doc. 43. Neither of those pleadings complied with the AI Standing Order. The Fourth Answer is untimely based on the Court's November 5, 2026 Order and appears to violate Rule 15.

The day after Defendants filed the Fourth Answer, Plaintiff filed a Motion to Strike Defendants' Pleadings and to Replace the Filings with Redacted Versions. Doc. 47 (the Motion to Strike). Plaintiff makes three arguments:

(1) Defendants violated Rule 15(a)(2) by making amendments that went outside the scope of the parties' stipulation;

(2) Defendants violated the Court's AI Standing Order; and

(3) Defendants violated the parties' confidentiality agreement by including in the Second, Third, and Fourth Answers Plaintiff's confidential information.

*Id.* As a result of those violations, Plaintiff requests that the Court strike the Fourth Answer (Doc. 43) and replace the Second, Third, and Fourth Answers with versions provided by Plaintiff that are redacted to remove the confidential information at issue.

As an initial matter, the Court does not require the Motion to Strike to enforce the AI Standing Order. Separate and apart from the Motion to Strike—and given the fact that the Court

has already stricken the Second Answer—the Court finds it appropriate to enforce the AI Standing Order by striking the offending pleadings. The Fourth Answer is due to be stricken. And because the legal consequence of striking the Fourth Answer may be that the Third Answer is the operative pleading, and that pleading is also defective, the Third Answer is due to be stricken. And because the legal consequence of striking the Third Answer may be that the First Answer is the operative pleading, and that pleading is also defective, the First Answer is due to be stricken.

However, striking the pleadings does not result in their deletion from the public docket without the Court directing the Clerk to delete the documents. Here, the Court did not delete from the public docket the Second Answer, and as such, the undersigned does not deem it appropriate to delete the First, Third, or Fourth Answers on this record. But the Court does not need a response to the Motion to Strike to determine that the relief Plaintiff seeks—substitution of three of the stricken pleadings with redacted copies—is not appropriate here. Replacement with redacted documents is essentially deletion of the existing documents and substitution with versions prepared by the other side. Indeed, the Motion to Strike cites no legal authority for the proposition that the Court should substitute publicly filed documents with redacted documents in circumstances such as these. Perhaps, if Plaintiff's allegations concerning the nature of the information in the pleadings is accurate, the Court may (1) delete the documents in their entirety or (2) seal the documents and allow the filing of minimally redacted versions. But such relief was neither requested nor briefed, and sealing is governed by the stringent standards of the Court's Local Rules and governing caselaw concerning the public's First Amendment right to access. As it stands, the specific relief requested by Plaintiff concerning redaction and substitution is not supported by a "legal memorandum supporting the request." Local Rule 3.01(b). That is not to say that Plaintiff's

allegations are not serious or do not warrant relief, simply that the relief requested is unsupported on this record.

The Court notes that striking Defendants' four pleadings results in no prejudice because—as Defendants' acknowledge—Defendants chose to plead while their motion to dismiss remains pending. Defendants owe no responsive pleading as of now.[3]

Finally, based on the pendency of the Motion to Strike, the parties filed the Motion to Extend Time. Doc. 50. Defendants seek an extension of time to respond to the Motion to Strike, and Plaintiff seeks an extension to respond to the counterclaims in the operative Answer. *Id.* The Motion to Extend Time is moot based on the rulings made in this Order.

Based on the foregoing, it is **ORDERED** that:

1. the First, Third, and Fourth Answers (Docs. 28, 42, 43) are **STRICKEN**;
2. Plaintiff's Motion to Strike (Doc. 47) is **DENIED as moot** to the extent it seeks to strike Defendants' pleadings and is **DENIED without prejudice** to the extent it seeks a remedy concerning the alleged filing in those pleadings of Plaintiff's confidential information; and

[3] *Salas as Trustee of Salas Children Trust v. Commonwealth Land Title Ins. Co.*, 2022 WL 1630988, at *3 (N.D. Fla. Apr. 5, 2022) ("[E]ven when a 12(b)(6) motion to dismiss does not address every claim in a complaint, the majority of courts. . . have found a separate answer addressing the other claims to be unnecessary because the motion to dismiss tolls the answer deadline.") (citing *Beaulieu v. Bd. of Trs. Of Univ. of W. Fla.*, 2007 WL 2020161, at *2 (N.D. Fla. July 9, 2007) (collecting cases and stating, "Defendant's motion to dismiss, therefore, automatically extends its time to answer under Rule 12(a)(4) until after the court has ruled on Defendant's motion to dismiss"); *Jacques v. First Liberty Ins. Corp.*, 2016 WL 3221082, at *1 (M.D. Fla. June 9, 2016) (collecting cases and denying motion for entry of default based on the filing of a partial motion to dismiss without an answer)); *see also*, *Pushko v. Klebener*, 2005 WL 7460162, at *1 (M.D. Fla. June 10, 2005) ("Having considered the parties' positions and the clear weight of authority, it is concluded the filing of a motion to dismiss a portion of a complaint postpones equally the time for answering every part of the pleading.").

3. Motion to Extend Time (Doc. 50) is **DENIED as moot**, and any deadlines concerning Defendants' obligation to plead are governed by the Federal Rules of Civil Procedure.

**The parties are directed to immediately confer concerning the stricken pleadings.**

Ordered in Orlando, Florida on November 24, 2026.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE